UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. RITCHARD,

        Plaintiff,

v.

SUSAN SNIEGOWSKI, et al.,

        Defendants.

_____/

CASE No. 1:25-cv-1236

HON. ROBERT J. JONKER

CHARLES J. RITCHARD,

        Plaintiff,

v.

SUSAN SNIEGOWSKI, et al.,

        Defendants.

_____/

CASE No. 1:26-cv-364

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in each of these cases (No. 1:25-cv-1236, ECF No. 105; No. 1:26-cv-364, ECF No. 7) and Plaintiff Ritchard's Objections to each Report and Recommendation (No. 1:25-cv-1236, ECF No. 109; No. 1:26-cv-364, ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).    Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.    The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

In these two related *pro se* cases, Plaintiff Ritchard strings together years of political and personal grievances and attempts to spin them into viable federal causes of action against more than a dozen defendants, with many named in both cases.   He fails to do so.   As Magistrate Judge Green correctly concluded in his Reports and Recommendations, Ritchard's claims are procedurally defective, substantively meritless, or both.   On *de novo* review, the Court agrees that both cases must be dismissed for reasons detailed by the Magistrate Judge.

Plaintiff's objections do not address the Magistrate Judge's analysis in any meaningful way.   Instead, they unspool in even more extraneous detail than the original Complaints a convoluted story of personal and political grievances.   Plaintiff identifies as a staunch Republican who at one time held leadership positions in the Oceana County Republican Party, as well as public office as Chair of the Oceana County Board of Canvassers.   This all began to unravel in the wake of the 2020 election, which plaintiff believes President Trump won.   Plaintiff was suspended and ultimately removed from his office of Canvasser for suggesting he would not fulfill the essential duty of Canvasser unless the State implemented his conditions for election law changes.[1]   This ended his career in public office.   His work in Republican Party politics also began to sour when

---

[1] Plaintiff sued the Oceana Board of Commissioners and other County officials over his removal.   The parties settled in mediation and agreed to entry of an order dismissing the case with prejudice and without costs.   *See Ritchard v. Anderson*, No. 1:21-cv-400, ECF No. 30 (W.D. Mich. May 12, 2021).

he crossed swords with another Party activist, Bree Moeggenberg, over who should be Chair of the Michigan GOP.   Plaintiff's preferred candidate did not prevail and plaintiff publicly attacked Moeggenberg for what he saw as her efforts to undermine his candidate.

Then things went from bad to worse when plaintiff began insinuating publicly that Moeggenberg and a Michigan elected Representative, Andrew Seabolt, were having an extra-marital affair.   Moeggenberg and Seabolt hired attorney Matt Deperno to file a defamation lawsuit against plaintiff.   A default judgment for $250,000 ultimately entered against plaintiff in the defamation case because he did not respond to it.   Judge Sniegowski, as the assigned judicial officer, entered the default judgment.   On post-judgment motions of the successful defamation litigants, she then entered orders enforcing the judgment, culminating in seizure and sale of some of plaintiff's property to satisfy the judgment. Plaintiff did not fight back within the confines of the state litigation itself. Instead, he prepared so-called "citizen arrest" warrants against many of the same people he is suing in these cases.   He tried to get the Judge, other County officials and the State Police to enforce his "citizen arrest" warrants, but all declined, for which plaintiff also feels aggrieved.

Plaintiff filed these two lawsuits against everyone involved in his unraveling, including Judge Sniegowski, Sheriff Mast, Prosector Bizon, the Oceana Board of Commissioners and its Chair and Vice-Chair, attorney Deperno, Bree Moeggenberg, Andrew Seabolt and others.   He even named process servers and a repossession company, as well as State Police and other officials who declined to enforce his "citizen arrest" warrants.   As the Magistrate Judge correctly observed, even though plaintiff cited many provisions of federal law that he believes the defendants violated, many of the provisions have no private cause of action.   For potential claims that did have a

3

private right of action, plaintiff failed to allege *Twombly*-plausible theories of relief.   He also failed to serve some of the defendants as required by Rule.   The Magistrate Judge carefully parsed plaintiff's Complaints in each case and noted how plaintiff fell short, both procedurally and substantively.   Rather than deal with the Magistrate Judge's analysis, plaintiff's objections simply repeat and expand on the personal and political grievances that fueled his original filings.   On *de novo* review, the Court agrees with the Magistrate Judge that both cases are subject to dismissal.[2]

**ACCORDINGLY, IT IS ORDERED** that the two Report and Recommendations of the Magistrate Judge (No. 1:25-cv-1236, ECF No. 105; No. 1:26-cv-364, ECF No. 7) are **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.  Defendant Deperno's Motion to Dismiss (ECF No. 6) is **GRANTED**.

2.  Defendant Sebolt's Motion to Dismiss (ECF No. 12) is **GRANTED**.

3.  Defendant Moeggenberg's Motion to Dismiss (ECF No. 17) is **GRANTED**.

4.  Defendants Henry and West Michigan Process Server's Motion to Dismiss (ECF No. 24) is **GRANTED**.

5.  Defendants Peterson and Jordan's Motions to Dismiss (ECF Nos. 28, 49) are **GRANTED**.

---

[2] Defendant Deperno, Moeggenberg, and Sebolt also object to the Magistrate Judge's Report to the extent that it recommends that this action be "terminated" because, as they correctly point out, multiple sanctions motions filed by multiple Defendants are still pending. (ECF No. 107, PageID.1560). Defendants' objection is **OVERRULED**. The Magistrate Judge's Report and Recommendation, and the Court's decision to adopt it, does not resolve the other pending sanction motions (ECF Nos. 32, 59, 77), nor Plaintiff's motion for contempt (ECF No. 72). The Court will resolve those motions post-judgment.

6.  Defendants Bizon, Erickson, Mat, Miller, Sniegowski, Walker, and Oceana County Board of Commissioners's Motion to Dismiss (ECF No. 46) is **GRANTED.**

7.  Defendant Repocast's Motion to Dismiss (ECF No. 52) is **GRANTED.**

8.  Plaintiff Ritchard's Objections (No. 1:25-cv-1236, ECF No. 109; No. 1:26-cv-364, ECF No. 8) are **OVERRULED**.

9.  Plaintiff Ritchard's Complaint (No. 1:25-cv-1236, ECF No. 1) is **DISMISSED**.

10. Plaintiff's Ritchard's Complaint (No. 1:26-cv-364, ECF No. 1) is **DISMISSED**.

11. Plaintiff's remaining motions (ECF Nos. 38, 43, 44, 45, 73, 82, 94, 95, 97, 98, 102, 106, 110), which relate to the merits of his case, are **DISMISSED AS MOOT**.


Dated:      April 30, 2026              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE